FILED                    -PS-O-

2007 SEP 13  PM 2: 00

U.S. DISTRICT COURT
W.D.N.Y. - BUFFALO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LONNIE POWERS, 06B0015,

Plaintiff,

-v-

ERIE COUNTY SHERIFF DEPARTMENT,

Defendants.

DECISION AND ORDER
07-CV-0245A(Sr)

## INTRODUCTION

Plaintiff, Lonnie Powers, an inmate in the Livingston Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2).  Plaintiff claims that the defendant, the Erie County Sheriff Department, violated his rights when he was stripped searched at the Erie County Holding Center, on three different occasions between 2001 and 2005, when he had just been strip searched by the Buffalo Police Department.  For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, but unless plaintiff files an amended complaint as directed below, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*.  Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial

screening of this complaint. In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, the Court finds that, unless plaintiff files an amended complaint as directed below, plaintiff's claims must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted.

**Statute of Limitations**

Plaintiff's claim that his rights were violated when he was strip searched appears subject to dismissal for several reasons. First, plaintiff makes allegations regarding events that appear to fall outside of the statute of limitations for 42 U.S.C. § 1983 and, therefore, the action is untimely. The statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 in New York State is the three-year period provided for in New York's CPLR § 214(2). *Owens v. Okure*, 488 U.S. 235, 251 (1989); *Jewell v. County of Nassau*, 917 F.2d 738, 740 (2d Cir. 1990). In addition, federal courts are required to borrow New York's rules for tolling the statute of limitations unless the rules are inconsistent with federal law. *Board of Regents of University of State of New York v. Tomanio*, 446

2

U.S. 478, 487-491 (1980). Plaintiff's complaint, which was filed on April 12, 2007, relates to incidents that occurred on February 6, 2001 and July 19, 2002, well beyond the limitations period. In addition, he references a date that appears to be within the statute of limitations, May, 20, 2005. Based on this, it is apparent that the three-year time period during which plaintiff could properly bring his claims as to events in 2001 and 2002 expired well before plaintiff filed this action. The Court finds no basis in the complaint to toll the limitations period, *see* Article 2 of New York's CPLR. Plaintiff's claims as to 2001 and 2002 appear time-barred and subject to dismissal. "The pleading requirements in the Federal Rules of Civil Procedure, however, do not compel a litigant to anticipate potential affirmative defenses, such as the statute of limitations, and to affirmatively plead facts in avoidance of such defenses." *Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007) (citing *Jones v. Bock*, --- U.S. ----, 127 S.Ct. 910, 920 (2007) (holding that 28 U.S.C. § 1915A does not require prisoners affirmatively to plead that they have exhausted their administrative remedies)). Accordingly, assuming plaintiff chooses to amend his complaint, the Court will allow plaintiff an opportunity to be heard on the question of the statute of limitations and any arguments for tolling. If plaintiff does not have any arguments that would support tolling of the statute of limitations as to the 2001 and 2002 incidents, he should not include them in his amended complaint.

**Defendants**

The next problem is that plaintiff does not allege that he was strip searched pursuant to a policy of the Erie County Holding Center, the Erie County Sheriff's Department or Erie County, the only party named as a defendant. Although municipalities are considered "persons" for purposes of 42 U.S.C. § 1983, a municipality such as Erie County may not be held liable under § 1983 <u>unless</u>

3

the challenged action was performed pursuant to a municipal policy or custom. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978).

To hold a municipality liable in a § 1983 action, a plaintiff is required to plead and prove three elements: (1) an official custom or policy that (2) caused the plaintiff to be subjected to (3) a denial of a constitutional right. *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (citations and quotations omitted); *see Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) ("In order to establish the liability of a municipality in an action under § 1983 for unconstitutional acts by a municipal employee below the policymaking level, a plaintiff must show that the violation of his constitutional rights resulted from a municipal custom or policy."). Here, plaintiff does not contend that any of the alleged constitutional deprivations were caused by or occurred pursuant to an official custom or policy of Erie County or it's Sheriff's Department, and thus plaintiff has failed to state a § 1983 claim against this defendant.

**Statement of Claim**

Plaintiff has not alleged facts which state a constitutional violation. Plaintiff alleges that on three different occasions spanning six years he was strip searched upon entering Erie County Holding Center even though he had been previously strip searched by the Buffalo Police Department and had never been out of then custody. Plaintiff's allegations are too cursory to allow the Court to determine if he can state a claim. The Fourth Amendment to the Constitution does not prohibit all searches, only searches that are unreasonable under the circumstances. *See, Shain v. Ellison*, 273 F.3d 56 ( 2d Cir.2001) (reviewing Second Circuit precedents); *see also, Iqbal v. Hasty*, 490 F.3d 143(C.A.2,2007). The allegation that plaintiff had been strip searched previously, by a different agency, is not conclusive as the Court must assess the specific circumstances of the search. Inmates

4

are routinely searched when entering a correctional facility regardless of where they happened to be prior to that.

Plaintiff has not stated sufficient facts to allow the Court to determine if he can state a constitutional claim for illegal search. However, the Court will permit plaintiff to file an amended complaint in which the necessary allegations regarding this issue are included. *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires").

Upon amendment, plaintiff should state what his status was when he was detained, and under what specific circumstances. He should indicate if he was a pre-trial detainee or a convicted prisoner. If plaintiff was a pre-trial detainee, he should state what he was charged with, whether he was charged with and felony or misdemeanor, and whether the search was pre- or post- arraignment. He should explain the nature of the searches and whether plaintiff is complaining of a contact body cavity search, a non-contact body cavity search, or merely that he was required to remove his clothes during the search or booking.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed *in forma pauperis* is granted. For the reasons set forth above, plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he files an amended complaint by **October 22, 2007** in which he includes the necessary allegations regarding

are routinely searched when entering a correctional facility regardless of where they happened to be prior to that.

Plaintiff has not stated sufficient facts to allow the Court to determine if he can state a constitutional claim for illegal search. However, the Court will permit plaintiff to file an amended complaint in which the necessary allegations regarding this issue are included. *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires")

Upon amendment, plaintiff should state what his status was when he was detained, and under what specific circumstances. He should indicate if he was a pre-trial detainee or a convicted prisoner. If plaintiff was a pre-trial detainee, he should state what he was charged with, whether he was charged with and felony or misdemeanor, and whether the search was pre- or post- arraignment. He should explain the nature of the searches and whether plaintiff is complaining of a contact body cavity search, a non-contact body cavity search, or merely that he was required to remove his clothes during the search or booking.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed *in forma pauperis* is granted. For the reasons set forth above, plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he files an amended complaint by **October 22, 2007** in which he includes the necessary allegations regarding

5

his claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to <u>completely replace</u> the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom., Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). *See* 28 U.S.C. § 1915(g).

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff is granted leave to file an amended complaint as directed above by **October 22, 2007**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

6

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **October 22, 2007**, the complaint shall be dismissed with prejudice without further order of the Court;

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **October 22, 2007**, the Clerk of the Court shall close this case as dismissed with prejudice without further order; and

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **October 22, 2007**, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED:      September // , 2007
            Rochester, New York

7